| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>66 Route 17 North, First Floor<br>Paramus, NJ 07652<br>(201) 845-1000<br>Fax:   (201) 655-6650<br>Attorneys for Benjamin A. Stanziale, Jr.<br>Chapter 7 Trustee<br>Kim R. Lynch (KL-5866) | |
| In Re:<br><br>PRAMOD K. JAIN<br><br>                              Debtor. | Chapter 7<br><br>Case No. 16-22229 (JKS) |
| BENJAMIN A. STANZIALE, JR, in his capacity as Chapter 7 Trustee of Pramod K. Jain,<br><br>                              Plaintiff,<br><br>v.<br><br>ANITA JAIN AND MONICA JAIN,<br><br>                              Defendants. | Adv. Pro. No. |

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER**

Benjamin A. Stanziale, Jr., chapter 7 trustee of Pramod K. Jain (the "Debtor")and plaintiff in this action ("Plaintiff"), through his attorneys, Forman Holt, as and for his complaint against Anita Jain ("Anita") and Monida Jain ("Monica", and together with Anita, "Defendants"), alleges the following upon information and belief:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this application under 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding arises under 11 U.S.C. §§ 544.

F0022948 - 1

3.  This adversary proceeding is a core proceeding as that term is used in 28 U.S.C. § 157(b)(2)(A), (B) and (H).

4.  Venue of the Debtor's case and this adversary proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

5.  Plaintiff is the chapter 7 trustee of the Debtor.

6.  Defendant Anita Jain is an individual residing at 22 Stone Tower Drive, Alpine, New Jersey and is the Debtor's wife.

7.  Defendant Monica Jain is an individual residing at 22 Stone Tower Drive, Alpine, New Jersey and is the Debtor's sister-in-law.

## FACTUAL BACKGROUND

8.  The Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on June 24, 2015 (the "Petition Date").

9.  Plaintiff is the chapter 7 trustee of the Debtor.

10. On or about March 1, 1994, Defendants purchased real property located at 22 Stone Tower Drive, Alpine, New Jersey (the "Property").

11. By deed dated February 5, 1999, Defendants transferred their interest in the Property to Anita and the Debtor, which deed was recorded in the Bergen County Clerk's Office on March 18, 1999 in Deed Book 8135 at page 283(the "1999 Deed").

12. In the Affidavit of Consideration filed with the 1999 Deed, Monica sought a full exemption from transfer fees on the basis that the "present mortgage being paid in full" and that the transfer was between "two sisters and spouses to one sister and spouse".

13. By deed dated May 17, 1999, Anita and the Debtor transferred the Property (the "Transfer") to Defendants for no consideration, which deed was recorded on August 29, 2001 in Deed Book 8399 at page 67 (the "2001 Deed").

14. In the Affidavit of Consideration filed with the 2001 Deed, Anita and the Debtor sought a full exemption from transfers fees on the basis that the "conveyance between husband and wife" and "consideration of less than $1.00".

15. On February 14, 2002, a lawsuit was filed against the Debtor in the District Court for the Southern District of New York titled *Melwani v. Jain*, Docket No. 02-cv-1224 (DCF). Melwani sought damages of $1,350,000.

16. The Debtor listed the Property as an asset in his schedules.

17. The Debtor testified at his meeting of creditors that he owned the Property at one time, but transferred the Property to his wife so that the Property could be refinanced.

18. The Debtor stated that he had to transfer the Property to his wife in order to refinance the Property because the Debtor had a corporate loan with Wells Fargo which inhibited the ability of Anita and the Debtor to refinance the Property.

## COUNT ONE

**(Avoidance of Transfer Pursuant to 11 U.S.C. § 554(b) and Turnover Pursuant to 11 U.S.C. §550)**

19. Plaintiff repeats the allegations of the preceding paragraphs as if set forth at length herein.

20. Defendants are insiders of the Debtor.

21. The Transfer was made with the actual intent to hinder, delay or defraud creditors.

22. The Transfer was made to an insider.

23. The Debtor retained possession and control of the Property after the Transfer occurred.

24. The Transfer was concealed for approximately 2 ½ years.

25. The Transfer was substantially all of the Debtor's asset.

26. The Debtor did not receive reasonably equivalent value for the Transfer.

27. The Debtor became insolvent as a result of the Transfer.

28. There are one or more creditors of the Debt0r's estate which possess standing to pursue the Transfer, including, but not limited to, Discover Bank, First National Bank of Omaha, M&T Bank and American Express.

29. The Transfer is avoidable pursuant to 11 U.S.C. § 544(b) and N.J.S.A. 25:2-25(a).

30. Plaintiff may recover the Property transferred from Defendants pursuant to 11 U.S.C. § 550.

WHEREFORE, Plaintiff demands judgment against Defendants pursuant to 11 U.S.C. § 544(b) avoiding the Transfer; recovering the Property transferred from Defendants pursuant to 11 U.S.C. §550; for costs of suit, including reasonable attorneys' fees; and for such other and further relief as is just and property.

                                            FORMAN HOLT
                                            Attorneys for Benjamin A. Stanziale, Jr.

                                    By:  */s/ Kim R. Lynch*
                                            Kim R. Lynch

Dated: May 29, 2018