| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| FORMAN HOLT<br>66 Route 17 North, First Floor<br>Paramus, NJ 07652<br>Telephone : (201) 845-1000<br>Facsimile :  (201) 655-6650<br>Kim R. Lynch, Esq.<br>klynch@formanlaw.com<br>Attorneys for Benjamin A. Stanziale, Jr.,<br>Chapter 7 Trustee |

| | |
|---|---|
| In re:<br><br>PRAMOD K. JAIN<br>                              Debtor. | Chapter 7<br>Case No. 16-22229(JKS)<br><br>Judge:  John K. Sherwood<br><br>Hearing Date:   January 3, 2019<br>Hearing Time:  10:00 a.m. |

**FIRST AND FINAL APPLICATION OF FORMAN HOLT, ATTORNEYS
TO THE TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES</u>**

TO:    THE HONORABLE JOHN K. SHERWOOD, U.S.B.J.

Formanlaw LLC d/b/a Forman Holt ("<u>Applicant</u>"), attorneys for Benjamin A. Stanziale, Jr., chapter 7 trustee (the "<u>Trustee</u>") for Pramod K. Jain (the "<u>Debtor</u>"), files this application for entry of an order allowing first and final compensation and reimbursement of expenses as attorneys to the Trustee.  In support thereof, Applicant respectfully represents the following:

F0037999 - 1

**I.    BACKGROUND**

1. On June 24, 2016 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C §101 *et. seq.* (the "<u>Bankruptcy Code</u>").

2. On June 25, 2016, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee of the Debtor's bankruptcy estate.

3. On July 20, 2017, an order was entered retaining Applicant as counsel to the Trustee. A copy of that order is attached as "**Exhibit A**".

4. This is Applicant's first and final application for compensation for the period June 19, 2017 through and including the date hereof. Applicant has spent 31.10 hours of legal time in rendering services to the Trustee, for a total fee of $14,500.00. In addition, Applicant expended $408.30 in expenses necessary and appropriate in rendering services to the Trustee.

**II.    SUMMARY OF SERVICES**

5. Applicant performed the following services:

   a. Applicant investigated into the interest of the Debtor in real property located in Alpine, New Jersey. Applicant's investigation revealed that the Debtor transferred his interest in the Alpine property to his wife and sister-in-law for no consideration;

   b. Applicant investigated into the transfer and determined that the transfer could be avoided as a fraudulent conveyance.

   c. Applicant attempted to settle the fraudulent conveyance cause of action without the necessity of filing an adversary proceeding, but no settlement was reached.

    d.    Accordingly, applicant drafted a complaint seeking to set aside the transfer as fraudulent.

    e.    Thereafter, the Trustee and Debtor entered into settlement negotiations in which the Debtor offered to settle the adversary proceeding for $25,000 plus the assumption of a state tax lien.

    f.    Applicant drafted pleadings for approval of the settlement.

    g.    Applicant drafted objections to claims.

### **RELIEF REQUESTED**

6.    Applicant seeks payment of first and final compensation and reimbursement of expenses pursuant to 11 U.S.C. §330 and 331.

7.    Section 330 of the Bankruptcy Code provides the statutory authority for awards of reasonable fees and expenses to professionals retained by a trustee or debtor in possession pursuant to an order of this court. In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

    (A) the time spent on such services;

    (B) the rates charged for such services;

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

8. It respectfully is submitted that the services provided by Applicant were necessary to and appropriate in the administration of the estate and were reasonable in time and scope. Applicant respectfully submits that the services rendered benefited the Debtor's estate and its creditors and were performed in a timely manner consistent with the particular task addressed and that the services were reasonable in value.

9. Applicant seeks entry of an order awarding first and final compensation for services rendered in the amount of $14,500.00 for 31.10 hours of services and reimbursement of expenses in the amount of $408.30 for total compensation of $14,908.30.

10. Attached at "**Exhibit B**" is a copy of an itemized billing statement for services performed by members and associates of Applicant and a detailed schedule of all out-of-pocket expenses incurred by Applicant in connection with services rendered to the Trustee.

11. No prior allowances have been made to Applicant on account of its services.

12. Annexed hereto is the Affidavit of Kim R. Lynch pursuant to 11 U.S.C. 504 in support of this Application.

WHEREFORE, Applicant respectfully requests entry of an order awarding first and final compensation in the amount of $14,500.00 and reimbursement of expenses in the amount of $408.30 and granting such other and further relief as is just and proper.

                                      FORMAN HOLT
                                      Attorneys for Trustee

                                      By: */s/ Kim R. Lynch*
                                            Kim R. Lynch

Dated: November 30, 2018